Bland, Chancellor.
Where a bill has been filed against the heirs of a deceased mortgagor to obtain payment by a sale of the mortgaged property ;(a) of where a bill has been filed to obtain a partition of an intestate’s real estate among his heirs ;(b) or where a deceased debtor’s real estate has been *476 decreed to be sold in any other manner than by a creditors’ bill: any creditor of such deceased person may be permitted to come *477 in by petition, and have his claim allowed and paid out of the whole or the surplus of the proceeds of the realty of the deceased *478 so far as they will go; considering the surplus as a residuum of the real assets which had been taken from the hands of the heirs. But such petitioning creditor will be required to establish his claim; to show, by the usual proofs or admissions of the party, the insufficiency of the personal estate of the deceased to pay his debts; to notify his heirs, that they may have an opportunity of contesting the allegations of the petitioner, and the justice of his claim or that of any other creditor who may afterwards come in, as is allowed on a creditors’ bill, by merely filing the voucher of his claim; and also, he or the trustee to give notice in the usual way, to the creditors to bring in their claims.
Whereupon it is ordered, that the surplus of the proceeds of the sale of the said mortgaged estate be applied to the satisfaction of the debts of the said Jonathan JV. Laughlin deceased, unless good cause be shewn to the contrary on the second day of June next. Provided a copy of this order, together with a copy of the said petition, be served on the said defendants on or before the 12th day of April next. And it is further ordered, that the said trustee, by publication to be inserted in some newspaper, twice a week for three successive weeks before the twelfth day of April next, give notice to the creditors of the said late Jonathan JV. Laughlin to file the vouchers of their claims in the chancery office, on or before the second day of June next.
After which, upon the usual proof and certificate that notice had been given, and publication made as required by this order, the matter was submitted.
9th July, 1828. — Brand, Chancellor. — Ordered, that the matter of the said petition be, and the same is hereby taken pro confesso ; no cause having been shewn, although notice has been given as *479 ordered. And it is further ordered, that this case be and the same is hereby referred to the auditor with directions to state an account accordingly.
In obedience to this order the auditor reported a distribution of the surplus of the proceeds among twelve of the creditors of the deceased, nine of whom had come in under the order of the 14th of March; -which distribution of the auditor was confirmed, and the trustee directed to apply the proceeds accordingly, on the 28th of August 1828, and the whole case so finally closed.

 O’Brian v. Bennett, ante, 86; Latimer v. Hanson, ante, 61.

 Spurrier v. Spurrier. — This petition, filed on the 21st of September 1810, states, that the late John Spurrier died intestate seized of a valuable real estate, which would not admit of division among his widow and children, some of whom were married and others infants, who are his heirs; all of whom are parties to this suit. Prayer, that the real estate may be sold and the proceeds divided. The answers admit these facts. Whereupon it was, on the 15th of March 1811, decreed, in the usual form, that the lands be sold, and they were sold accordingly.
After which Henry McCoy by petition staled, that the late John Spurrier was considerably indebted to him ; that his real estate had been thus sold ; and that his personal estate was insufficient to pay his debts. Prayer, that an order may pass notifying the creditors to exhibit their claims ; and that his claim may be paid, &e.
18th September, 1811. — Kilty, Chancellor. — The trustee, for the sale of the real estate of John Spurrier deceased, is desired to give notice to the creditors to exhibit their claims in the chancery office before the first day of December next, by advertisement inserted three weeks in the American.
Henry McCoy by another petition stated, that his claim had been passed by "the auditor and the Orphans Court; that the sales amounted to upwards of $20,000, and the claims to not more than about $11,000 ; that he was tenant to the purchaser, at the annual rent of $1450 ; and he therefore prayed that his claim might be discounted through the purchaser his landlord.
23d March, 1812. — Kilty, Chancellor. — The Chancellor cannot direct the payment or discount of any claim before the ratification of tho sale ; and in order to ife being made it is necessary to prove the publication of the conditional order of ratification passed September 9th 1811, which may he done by the certificate of the printer or the production of the newspapers. It is necessary also to produce the Eke proof of the publication of the order of September 18th 1811, on the petition of Heniy McCoy for the creditors to exhibit their claims.
Archibald Dorsey by petition stated, that he was a creditor of the deceased, and *476 that his claim had been objected to, whereupon he prayed, that he might be heard on a day to be appointed.
25th May, 1812. — Kilty, Chancellor. — On the above application the following order is passed, which the register is desired to have published this week in the Maryland Republican: — -In Chancery, May 25th, 1812. Ordered, that the claims against the real estate of John Spurrier deceased, to which exceptions have been filed, will be decided on, on the 1st day of June next.
The auditor reported, that he had in obedience to the order of the Chancellor stated an account of the claims against the estate of the deceased.
22d July 1312. — Kilty, Chancellor. — Ordered, that the statement of the claims as reported by the auditor be confirmed. The commissions are not yet fixed, and therefore the usual account with the trustee cannot be stated. But the trustee is authorized and directed to settle with the said claimants by payment when the proceeds of the sales are received, or by discount, or assignment, if agreed to by any of them; the amount of the sales being more than that of the claims, and leaving a sufficiency for the commissions and costs and the claims which are suspended.
Roderick Warfield by petition, filed 30th September 1312, stated, that' in the lifetime of the intestate he had married Henrietta one of his daughters ; that the trustee, on the 22d day of June 1811, sold the greater part of the real estate of the intestate; and on the 14th day of November 1811 sold the residue; that the whole purchase money was, or would shortly be in possession of the trustee; that his wife Henrietta died on the 9th day of July 1811, after having had a child born alive during the marriage; that the trustee refuses to pay to him his proportion of the estate to which his wife was entitled. Prayer to taire testimony to substantiate these facts ; that the trustee be ordered to pay over to him such proportion as he is entitled to receive of the proceeds of the real estate; and for such other relief, &c.
1st October, 1812. — Kilty, Chancellor — On the above application it is ordered, that depositions in Ann Arundel county, taken on three days’ notice to the trastee or to the petitioner, be received in evidence on the hearing.
Anne Spurrier by petition stated, that she was the widow of the intestate; that there was a large surplus to be distributed among the heirs of the deceased, four of whom are minors, who reside with her, as their mother and natural guardian ; that she is upable to,maintain them; and is willing to give bond, as guardian, for any share which may be ordered to be paid to her for them. Prayer that tire surplus may be distributed; and that the shares of the minors be paid to her.
28th January, 1813. — Kilty, Chancellor. — On the application of the heirs for a distribution of tire proceeds, it is ordered, that the claims be reported by the auditor on the 10th day of March next on the proof then exhibited, for the final decision of the court, when the petition of Roderick Warfield will also be acted on. A copy of this order to be inserted three weeks in the Maryland Republican.
On the 10th March 1813, the auditor reported, that at the request of the trustee, and in obedience to the Chancellor’s order of the 28th January 1313, he had stated all the claims exhibited since the last report of the late auditor. And among other things he says, “ The claim No. 37 appears to be a judgment in favour of Thomas *477 Cumming on the, joint and several bond of the deceased and one John Cumming, and at the request of the trustee the auditor has stated, as part of the claim, the costs of the deceased as defendant as well as the plaintiff’s costs, the whole amount as stated having been paid by the said trustee; and the said whole amount so stated is admitted in writing to be a just claim against the deceased’s estate by his eldest son, who admits also that the other obligor John Cumming is insolvent. The said claim is moreover accompanied by a certificate of John Purviance esq’r, as counsel for the plaintiff, that no part thereof has been received, except what is credited. No authentic certificate, however, is produced of the said John Cumming’s discharge under the insolvent law; supposing him to be the principal in the bond on which the judgment was rendered. No proof that the said John Cumming was security only. And no affidavit, that the said judgment has been frilly discharged.
13th March, 1813. — Kilty, Chancellor. — Considering the report and statements by the auditor and the evidence adduced, it is ordered, that all the claims, as stated, be allowed ; except the last, being the claim of T. Watkins, which is rejected. The auditor, in stating the account with the'trustee, will allot a share to Roderick War-field, which will be subject to the order of the Chancellor on a further consideration of his petition, and the arguments in writing urged agkinst it.
After which the case was again submitted, at the instance of the widow to obtain a portion of the proceeds of sale in lieu of dower.
14th September, 1813. — Kilty, Chancellor. — The widow Ann Spurrier is allowed, (her age being proved) one eighth part of the • net proceeds of the land sold to G. Calvert and also of'the small tract sold to William C. Spurrier. The claim No. 23 having been paid, according to the former order before that of May 26th 1813, is confirmed. The claim No. 24 is rejected. A distribution of the balance to be made as follows: — The same to be divided into eight parts, one of which is to be reserved for the decision of the claim of Roderick Warfield. The amount of the other seven parts to be equally divided between John and Ann Cumming, William C. Spurrier, John Spurrier, Eliza Spurrier, Richard Spurrier, and Horace Spurrier, Lewis being stated to have died since the sale, and since the death of Henrietta Warfield. The payment of the shares of John Spurrier, Eliza Spurrier, Richard Spurrier, and Horace Spurrier, who are minors, to be made to their mother Ann Spurrier the petitioner, on the approval by the Chancellor of a bond to be filed by her with two sufficient sureties with condition similar to that in guardians’ bonds, but reciting the sale, &c. under the decree of this court; and not before. Interest to be paid on the shares in proportion as it has been, or may be received. The petition of Roderick Warfield will be taken up this month on the application of either party.
Proofs having been collected under the order of the 1st of October 1812, to establish the facts set forth in the petition ; it appears by the notes of Mr. A. C. Magruder, submitted in opposition to the prayer of this petition, that he insisted, that the husband could at most be considered only as a tenant by the courtesy; especially for that part which had been sold after the death of the wife; that, even if it were to be considered as her money, yet it was a mere equitable title which the husband could not reduce into possession without making a proper settlement. (1 Ves. 538, 3 P. Will. 13.) But, that, in this case, the proceeds must be regarded as land, and pass as the real estate would have passed had the sales not been made; and it had been so held, after much consideration, by the county court of Prince George’s in *478 a similar case; and the husband was required to give good security, (considering him as tenant by the courtesy,) that her children should have the money after his death.
29th November, 1818. — Kilty, Chancellor. — On the within petition notes have been filed by the counsel on behalf of the heirs, and it has been submitted on the paid of the petitioner. The original bill or petition appears to have been filed under tile 12th section of the act of 1785, ch. 72, the intention of which appears to have been to turn the land into money for the purpose of division. Which sale the court is not bound to order unless for the interest and advantage of all parties. And the practice has been, as far as the Chancellor has been informed, to divide the proceeds as personal estate. And the acts respecting widows entitled to dower, and tenants by the courtesy, are in the same spirit. It is therefore, ordered, that the part allotted by the auditor to Roderick Warfield the petitioner, and hitherto reserved, be paid to Mm in the manner directed as to the others. (Jones v. Jones, ante, 443.)